**Marshall Plummer, et al.,**
**Petitioners,**
**v.**
**Honorable Judge Harry Brown, Kayenta District Court I,**
**Respondent.**
**Decided March 15, 1989**

---

## OPINION

Before BLUEHOUSE, Acting Chief Justice, and AUSTIN, Associate Justice.

Albert Hale, Esq., Window Rock, Arizona, for the Petitioners Navajo Tribal Council Delegates; Britt E. Clapham, II, Assistant Attorney General, Stanley M. Pollack, Acting Assistant Attorney General, David P. Frank, Esq., and Violet A. P. Lui, Esq., Navajo Nation Department of Justice, Window Rock, Arizona, for the Petitioner Navajo Tribal Council; and Geoffrey Standing Bear, Esq., for Honorable Peter MacDonald Sr.

Per curiam.

### I

A motion has been filed with this Court to disqualify the Honorable Tom Tso, Chief Justice of the Supreme Court, from participating in any proceeding before this Court involving Chairman Peter MacDonald Sr. and the parties to the above entitled action.

The motion alleges that the Chief Justice, by administering the oath to Leonard Haskie, interim chairman, and Irving Billy, interim vice chairman, has taken sides in the current dispute between members of the Navajo Tribal Council and Chairman Peter MacDonald Sr.

### II

Parties to a case have a basic right to a fair and impartial judge. *McCabe v. Walters*, 5 Nav. R. 43, 50 (1985). A judge should be disqualified if he has an interest in the case, is biased or prejudiced, or has some relationship to a party in the case. *In re: Estate of Peshlakai*, 3 Nav. R. 180 (Shiprock Dist. Ct. 1981).

Rule 16, Navajo Rules of Civil Appellate Procedure, provides that:

> Any Justice may be disqualified on motion of one of the parties or his own motion.... The motion shall state specifically the grounds on which it is based and it shall be supported by affidavit or other satisfactory evidence.

One ground for the motion is that the Chief Justice must be disqualified from this case and other future related cases, because the Chief Justice administered the oath to two members of the Navajo Tribal Council who were appointed as interim officials by their peers. The issue is whether, by administering the oath, the Chief Justice has shown that he is biased or prejudiced against either side in the current dispute between the Chairman and certain members of the Navajo Tribal Council.

The administration of an oath is nothing more than a ministerial act. 58 Am. Jur. 2d *Oath And Affirmation* § 6 (1971). A ministerial act is,

> One which a person or board performs in a given state of facts in a prescribed manner in obedience to the mandate of legal authority *without regard to or the exercise of his or their own judgment upon the propriety of the act being done.* (citations omitted) (emphasis added).

*Black's Law Dictionary* 899 (5th ed. 1979).

Navajo judges and justices routinely administer oaths to chapter officials, tribal council delegates, the chairman, vice chairman, members of boards and commissions, and admittees to the Navajo Nation Bar Association (NNBA). To do what one routinely does is not a decision. By simply administering an oath, a judge does not pass judgment on the legality of the underlying circumstances that brought the individual to the judge for an oath. For example, when an oath is administered to admittees to the NNBA, this Court is not passing judgment on the fitness of any of those persons to practice law.

In administering the oath, the Chief Justice was merely performing a ministerial act. The Chief Justice did not exercise any judgment as to whether the action of the majority of the council delegates to appoint interim officials was proper or not. Neither did the Chief Justice, by giving an oath, pass judgment on the legality of the March 10, 1989 Council session. This is further supported by the Chief Justice's statement, prior to administering the oath, that he was performing a ministerial act which should not be construed as support of either faction or "as a judicial decision on the propriety of any actions taken by the Navajo Tribal Council." We cannot detect any bias or prejudice on the part of the Chief Justice simply from his administration of an oath.

Another ground for the disqualification of the Chief Justice is that the above entitled case is still pending before this Court. We disagree. This Court issued its final decision on the Petition for a Writ of Prohibition on March 2, 1989. In that order we stated that "an Opinion will be filed at a later date explaining the Court's decision."

By leaving room for an opinion, we did not indicate that the March 2, 1989 order will be modified by the opinion. The issues brought before the Court have been argued, considered and disposed of; therefore, there are no issues still pending in this Court in the above entitled case.

For these reasons the motion to disqualify the Chief Justice is denied and dismissed.